[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10769
Non-Argument Calendar

_____

D. C. Docket No. 07-00040-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAYTON SHUNDEL GEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 10, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Clayton Gee appeals his conviction for the possession of firearms and

ammunition as a felon and in furtherance of a trafficking offense, 18 U.S.C. §§ 922(g), 924(a)(2), 924(c)(1)(A)(i), possession with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(D), and knowingly and intentionally distributing five grams or more of cocaine base, id. §§ 841(a)(1), (b)(1)(B)(iii).  Gee argues that the district court abused its discretion in denying his motion to discharge his appointed attorney, William Clark, Jr.  We affirm.

The district court did not abuse its discretion by denying Gee's motion for new counsel.  United States v. Calderon, 127 F.3d 1314, 1343 (11th Cir. 1997). The record reflects no irreconcilable conflict between Gee and Clark.  Although Gee had complained earlier that Clark had failed to prepare his case for trial and had pressured him to accept a guilty plea, Gee expressed, at the hearing on his motion for new counsel, concern only with Clark's failure to pursue a baseless motion to suppress.  Clark represented Gee vigorously at trial and sentencing.  In the light of the record, any alleged lack of communication between Gee and Clark was not so great that it prevented Gee from receiving an adequate defense.  Gee also fails to explain how he was prejudiced by being forced to proceed with Clark as his lawyer.  We affirm Gee's conviction.

**AFFIRMED.**